UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARCUS BINION,<br><br>Defendant. | Magistrate No. 08-0434M<br>DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

### I. INTRODUCTION

Defendant is charged with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1). The undersigned United States Magistrate Judge conducted a consolidated preliminary and detention hearing on July 16, 2008.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v.  Binion                                                                                                                     2

18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq.,

United States v. Binion                                                                                                                    3

for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e).

### III. DISCUSSION

The government's sole witness, Detective Jed D. Worrell of the Metropolitan Police Department ("MPD"), testified in substantial conformity with the statement of facts attached to the Criminal Complaint (Document No. 1). The undersigned found probable cause.

Counsel for the government, in further support of the government's request for pretrial detention, proffered that the Defendant: (1) was previously convicted of misdemeanor possession of a controlled substance in the United States District Court for the District of Maryland (Greenbelt), and (2) at the time of the instant offense, was on release pending sentencing for violation of his probation in Greenbelt and was being monitored by an electronic home monitoring unit with GPS.

Defendant offered no evidence. Through his counsel, Defendant requested the court to release him to Pretrial Services' High Intensity Supervision Program. In support of this request, counsel for Defendant proffered that Defendant: (1) does not have a history of violent criminal activity or serious drug distribution; (2) was previously convicted of a misdemeanor for possession of marijuana and ecstacy; (3) has complied with his conditions of supervised release since February 1, 2008, with the exception of this instant offense; (4) completed a drug treatment program in Maryland and has not tested positive for drugs since June, 2007; (5) is the sole provider for his young daughter, and (6) is employed full-time.

### IV. FINDINGS OF FACT

United States v.  Binion                                                                                                                              4

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that the Defendant was engaged in the distribution of quantities cocaine base.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release.  Of particular significance is that Defendant, at the time of the instant offense, was on both probation and on release pending sentencing after having been found in violation of a condition of his probation.  In addition, the undersigned finds the High Intensity Supervision Program is not suitable for the Defendant; it is undisputed that such a program is less rigorous than the one ordered by the court in Greenbelt, at the time of the instant offense, which included an electronic monitoring with GPS capability.

Finally, the undersigned is satisfied that the toll which distribution of cocaine has taken and continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that the evidence of Defendant's involvement in the distribution of controlled substances demonstrates that his release would pose a danger to the community, and that he is not amenable to community supervision.

The undersigned has carefully considered Defendant's proffer, and finds that while it is sufficient to rebut the presumption of fugitivity, it is insufficient to rebut the presumption of dangerousness.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

United States v. Binion                                                                                                          5

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 16, 2008 Order of Detention.

                                                                             /s/
                                                     DEBORAH A. ROBINSON
                                                     United States Magistrate Judge

   August 4, 2008
DATE


   July 16, 2008
NUNC PRO TUNC